IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RICHARD H. BENINATO, MDOC #118522                                              PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 1:06cv88WJG-JMR

HARRISON COUNTY ADULT
DETENTION FACILITY, *et al.*                                                  DEFENDANTS

MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal of this action. The Plaintiff, Richard H. Beninato, currently an inmate of the Mississippi Department of Corrections, filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On March 10, 2006, an order was entered directing Plaintiff to file a written response to provide specific information to the Court, within 20 days of the entry of that order. On May 11, 2006, the Court entered an order granting Plaintiff's request for an extension of time to comply with the Court's March 10 order. Plaintiff was granted a 60-day extension of time to comply with the March 10, order and was warned in both Court orders that his failure to timely comply with any Court order or his failure to keep this Court informed of his current address could result in the dismissal of this case. Plaintiff failed to file his written response as ordered.

On August 22, 2006, Plaintiff was ordered to show cause in writing on or before September 1, 2006, why this case should not be dismissed for failure to comply with this Court's order. Plaintiff was warned in this Court's order of August 22, that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint without further written

notice to him. Again, Plaintiff has not complied with this order. The Court finds it apparent from Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Link, supra*, 370 U.S. at 630.

Because the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and because the Court has never considered the merits of Plaintiff's claims, the Court finds that this matter should be dismissed without prejudice. *Shaw v. Estelle*, 542 F.2d 954 (5th Cir. 1976).

A Final Judgment in accordance with this Memorandum Opinion shall issue.

THIS the 27th day of September, 2006.

                                          *Walter J. Gex III*
                              UNITED STATES SENIOR DISTRICT JUDGE